Mr. justice Nott
delivered the opinion of the court.
It is now understood to be a settled rule of law, that where a person has been evicted of land, or what amounts to the same thing, when he is deprived of it by a paramount title in another, although there has been no eviction, he is entitled to recover back the purchase money with'interest, and nothing more. There may perhaps be cases, where the rents and profits in the mean time, will take away the claim of the party to interest.
It is only necessary, therefore, to.lay down the rule to see at once that a new trial must be granted in this case. It was found upon a resurvey of the land, that there was left to the defendant a greater quantity of land than he had purchased, notwithstanding all the deductions of which he complains ; so that the verdict in fact, restores to him the whole of the purchase money, gives him more land than he originally expected, and five hundred dollars in addition* Such a verdict, it is obvious, cannot be supported. It is, however, necessary to go somewhat more into a detail of the principies by which, this case is to be governed for the instruction of the court and jury, to whose decision it is again to be submitted. With regard to the first ground of defence, this court are of opinion that by the true construction of the deed, there is no such intersection of the lines of the adjacent tracts, as the defendant supposes. The conveyance of the tractbelonging to Charity Allen and family, as also that of the Livingston tract, calls for land as a boundary with which it is supposed to interfere. Calling for it as a boundary, excludes the idea of running into it. The deduction, therefore, claimed on that account cannot be allowed.
*587 ■The second item stands upon ground equally untenable. The plaintiff sold the land according tú the metes and bounds of a certain grant, exhibited at the time. In dosing the lines of that grant, one line is found to bt shorter by about thirty chains than it was repta sented to be in the grant. And the defendant contends that he is entitled to a deduction for the price or value ol all the land which would be embraced by the extension of that line to the whole length called for. In answer to which, I think it may be laid down as a general rule, that where a person sells laud by the metes and bounds of an original grant, if the purchaser gets all the land embraced by the grant, even though the lines shall be closed in a different manner than was contemplated by the parties, or should even contain less than it purports to contain, the purchaser can have no recourse to the seller, except upon some special covenant or intentional misrepresentation. Every person accepts a grant upon the faith of the public and not of the grantee. The grantee is not supposed prima facie to know any thing more of it than what appears upon the face; and of that, the purchaser from him, is supposed equally competent to judge. In this case, the defendant has all the land contained in the plaintiff’s grant, and therefore has no right to complain. But this part of the defence stand? upon still weaker ground. The defendant has never been disturbed in the possession of this land. He has shewn no outstanding paramount title. Nor does it appear that the plaintiff had not a good title to all the land which the defendant contends is included in this part of his deed. But that is not all. The reduction of this line is occasioned by the extension of another, which gives him at least double the number of acres which the grant was supposed to contain at the time oí the purchase. So that what he counts upob as a loss, is an actual gain to a greater amount than die loss which he pretends to have sustained.
With regard to the third item, the defendant has been more successful. He has shown a subsisting out standing title in Charity Allen and her children, to a part of the *588 land. He is therefore entitled to a deduction for that land, according to the price at which it was estimated at the time of the sale. And if the contract was for a gross sum, for all the land, without setting a specific value on each, or any particular tract, then the deduction must be in proportion to its relative value and importance, when taken in connection with the whole,
Gregg £s? Chappell, for the motion.
Stark, contra, ' •
The conjectural loss which may or may not be sustained by reducing the profits of the mill, cannot be taken into the calculation. It would be violating the rule, at first laid down, that the deduction should be made with reference to the value of the land at the time of the sale. The policy of allowing this species of defence, where there has been no eviction, is at least doubtful. If the embarrassments to which it has lead, had been foreseen, it is probable it would never have been introduced. But it has now been too long settled to be questioned. We must take.care, however, to keep it within its hitherto prescribed limits. Consequential damages have never been allowed to be set off in any case. There must be an actual failure of consideration, or the defence is not supported. A danger remote or contingent is not sufficient. So far as the defendant can shew that the object of his purchase has been actually defeated, he is entitled to a deduction, and no farther.
The motion for a new trial1 must be granted.
Justices Gantt, Colcock, Richardson and Huger, concurred.